```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       ALEXANDRIA DIVISION


JAMES W. MESSER, JR.,            )
SARAH E. MESSER,                 )
                                 )
         Plaintiffs,             )
                                 )
         v.                      ) Case No. 05cv424 (GBL)
                                 )
AUTO EXPRESS OF WOODBRIDGE,      )
INC.,                            )
                                 )
         Defendant.              )
```

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendants James Messer and Sarah Messer's ("Plaintiffs," "Messer") Motion to Compel Arbitration, pursuant to 9 U.S.C. § 3.  This case concerns various claims arising from the sale of Plaintiff's vehicle to Auto Express of Woodbridge, Inc. ("Auto Express," "Defendant") and the subsequent purchase of another vehicle through Defendant. The issue before the Court is whether the Federal Arbitration Act mandates that the Court stay the proceedings and compel arbitration when Plaintiffs allege that they did not sign the arbitration agreement in question.  The Court holds that since Plaintiffs assert they did not sign the arbitration clause in question and that any signature on an arbitration clause Defendant may possess is a forgery, it will hold an evidentiary hearing to address the threshold question of whether Plaintiffs endorsed the arbitration agreement, and therefore can be

compelled to arbitrate their claims.

## II. Background

Plaintiffs, James Messer, Jr. and Sarah E. Messer filed a complaint against Defendant, Auto Express of Woodbridge, Inc., alleging various claims arising from the sale of their vehicle to Defendant and the purchase of their vehicle through Defendant. Plaintiff's complaint includes six counts, including a violation of the Truth in Lending Act, common law fraud, breach of fidicuary duty, alleged common law conversion, violation of the Virginia Consumer Protection Act, and Breach of Contract.

On September 30, 2004, Plaintiffs contracted with Defendant to sell their Ford Mustang for a purchase price of $11,500. Compl. at ¶ 4.  Plaintiffs allege that Defendant agreed to pay off the balance of the loan of the vehicle directly to the financing company, but Defendant never forwarded any funds to satisfy the balance of the loan.  As a result, Plaintiffs sustained credit damage.  *Id*. at ¶ 15.

Subsequently, Plaintiffs attempted to purchase another vehicle from a different auto dealership and discovered that they could not do so because Defendant's failure to remit the funds for the 2004 Mustang to the finance company resulted in a derogatory credit report.  *Id*. at ¶¶ 14-15.

On October 21, 2004, Plaintiffs contacted Defendant to attempt to remedy the situation.  Defendant represented that it

2

was the only dealership that could assist Plaintiffs and Plaintiffs eventually purchased a 2004 Chevrolet Impala from Defendant.  *Id*. at ¶¶ 17-19.  Defendants contend that at the time of the transaction, Plaintiffs signed various documents in connection with the sale including the Retail Installment Sale Contract Simple Finance Charge ("RISC") and a document relating to the same RISC titled "Addendum to installment sale agreement or agreement to arbitrate" (hereinafter "Arbitration Agreement"). Def.'s Mem at 2, Exs. A and B.

Plaintiffs contend that they never signed the Arbitration Agreement in question and that any signature on an the Arbitration Agreement Defendant may possess is a forgery.  Pls.' Mem. Opp. at 4.  The Arbitration Agreement, attached to Defendant's Motion as Exhibit A, states in pertinent part:

> ...any dispute, controversy, or claim between you or us arising out of or in any way related to this contract, or any default under this contract, or the collection of amounts due under this contract, or the purchase, sale, delivery, set-up, quality of the vehicle....shall be fully resolved by binding arbitration...The arbitrator shall decide whether a particular dispute, controversy or claim is subject to arbitration and any question as to the enforceability of all or part of this arbitration clause...The federal arbitration act governs this arbitration clause; you and we understand and agree that you and we choose arbitration instead of litigation to resolve disputes.  You and we voluntarily and knowingly waive any right to a jury trial.

Def.'s Mem. at Ex. A.

**A.     Standard of Review**

*Federal Arbitration Act*

There is a strong federal policy favoring arbitration of disputes.  The Federal Arbitration Act, as interpreted by the Supreme Court, "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 92 (4th Cir. 1996) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Construction Co.,* 460 U.S. 1, 24-25 (1983)). Accordingly, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration."  *Id.* at 92.

Notwithstanding the presumption in favor of arbitration, "because the legal predicate of compulsory arbitration is contractual consent, courts can require arbitration only of those disputes which the parties have agreed to arbitrate."  *Hendrick*, 50 F. Supp.2d at 532 (citing *Gateway Coal Co. v. United Mine Workers of America*, 414 U.S. 368, 374 (1974)); *see also AT&T Technologies v. Communications Workers of America*, 475 U.S. at

4

648 (stating that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit") (citations omitted). Thus, the presumption does not apply to resolve doubts concerning "whether the parties have reached an agreement respecting what they will arbitrate." *Hendrick*, 50 F. Supp.2d at 533 (citing *Carson v. Giant Food, Inc.*, 175 F.3d 325, 328 (4th Cir. 1999)).

The party requesting the stay and compulsory arbitration carries the burden of proving that the claim is "referable to arbitration under the contract." *Hendrick*, 50 F. Supp.2d at 532 (citing *Carson*, 175 F.3d at 331). In ascertaining whether the claim is referable to arbitration, ordinary state law principles of contract law govern agreements to arbitrate. *Choice Hotels Int'l v. BSR Tropicana Resort*, 252 F.3d 707, 710 (4th Cir. 2001). An elementary principle of contract law is that a party signing a written contract has a duty "to inform himself of its contents before executing it, ... and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it." *Corbett v. Bonney*, 202 Va. 933, 938 (1961). Furthermore, the fact that Plaintiff waived her right to adjudicate disputes in a judicial forum does not necessitate any greater degree of understanding or place any duty on the party contracting to explain the provisions of the contract. *Snydor v.*

5

*Conseco Financial Servicing Corp.*, 252 F.3d 302, 306-7 (4th Cir. 2001).

**B.   Analysis**

Plaintiffs' allegation of forgery on the arbitration agreement can serve as a defense to the imposition of an arbitration agreement, and therefore, must be decided by the Court before the Court can determine whether the parties are required to arbitrate their claims.  Notwithstanding the presumption in favor of arbitration, "because the legal predicate of compulsory arbitration is contractual consent, courts can require arbitration only of those disputes which the parties have agreed to arbitrate."  *Hendrick*, 50 F. Supp.2d at 532 (citing *Gateway Coal Co. v. United Mine Workers of America*, 414 U.S. 368, 374 (1974)); *see also AT&T Technologies*, 475 U.S. 643, 648 (stating that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit") (citations omitted).  Thus, the presumption in favor of arbitration does not apply to resolve doubts concerning "whether the parties have reached an agreement respecting what they will arbitrate."  *Hendrick*, 50 F. Supp.2d at 533 (citing *Carson v. Giant Food, Inc.*, 175 F.3d 325, 328 (4th Cir. 1999)).  This issue is a threshold question and is one which must be decided by this Court prior to enforcement of the Arbitration Agreement.  *See Prima Paint Corp. V. Conklin Mfg. Co.*, 388 U.S. 395, 403-404

(1967). In this case, Plaintiffs contend that they did not sign the arbitration agreement at issue and that any signature on the Arbitration Agreement that the Defendant provided to the Court is a forgery. *See* Pls.' Opp. at 4. As a result, the court denies Defendant's motion to compel, so that it can hold an evidentiary hearing to address the threshold question of whether Plaintiffs' entered into the arbitration agreement at issue.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Defendant's Motion to Compel is DENIED. An evidentiary hearing is set before this Court on Friday, September 16, 2005 at 10:00 a.m. to determine whether Plaintiffs entered into the arbitration agreement in question.

The Clerk is directed to forward a copy of this Memorandum Order to counsel.

Entered this ____22nd___ day of August, 2005.

/s/
_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
08/22/05

7